```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

MORTGAGE ELECTRONIC             :
REGISTRATION SYSTEMS, INC.,     :
    Plaintiff
                                         :

    vs.                             :    CIVIL NO. 1:CV-05—2165

DAVID ALICEA,                   :
EVELYN LUGO a/k/a EVELYN GOYCO,
STATEWIDE INVESTMENTS, LTD.,    :
    Defendants


*M E M O R A N D U M*

I.   *Introduction*.

Properly invoking our diversity jurisdiction, plaintiff, Mortgage Electronics Registration Systems, Inc., filed this action for mortgage foreclosure against David Alicea and Evelyn Lugo, the former owners of the property subject to the mortgage, and Statewide Investments, Ltd., which purchased the property at a tax sale.

There are two motions to dismiss pending, one filed by Statewide and the other by Alicea and Lugo. In considering the motions, we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from them in Plaintiff's favor. *See Mariana v. Fisher*, 338 F.3d 189, 195 (3d Cir. 2003). We may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) only if it is clear that no relief could be granted to

Plaintiff under "any set of facts that could be proven consistent with the allegations."  *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 195 (3d Cir. 2000).

II.   *Discussion*.

   A.   *Statewide's Motion*.

   Statewide's motion argues that Plaintiff failed to give it the thirty-day notice of intent to foreclose required by Act 91, the Homeowners' Emergency Assistance Act, *see* 35 P.S. § 1680.402c and 1680.403c (Purdon's 2003), and that we therefore lack subject-matter jurisdiction over the action.[1]

   Statewide's motion has no merit.  Statewide relies on *Marra v. Stocker*, 532 Pa. 187, 615 A.2d 326 (1992), for the proposition that a purchaser of real property at a tax sale is entitled to notice under Act 91.  *Marra* did involve such a purchaser but that fact played no part in the supreme court's ruling.  The court held that notice was required because by the time the mortgage company initiated its foreclosure action, the purchasers were using the real estate as their residence.

---

   [1] Statewide has also raised other issues in its brief (by way of the "Statement of Questions Involved") but did not support them with any legal authority, so we will not address them.

2

As Plaintiff argues, Act 91 only applies to residential mortgages. *See Resolution Trust Corp. v. Buchanan*, 432 Pa. Super. 135, 143, 637 A.2d 1020, 1024 (1994). Since Statewide does not argue (and undoubtedly cannot argue because it is a business entity) that the property is being used as its residence, its motion will be denied.[2]

B. *Alicea and Lugo's Motion*.

Alicea and Lugo's motion relies on representations in their brief.[3] They assert that ownership of the mortgaged property is being litigated in two actions in the Court of Common Pleas of Monroe County, Pennsylvania, where the property is located. The first action is their petition to set aside the tax sale, and the second is Statewide's action to quiet title. Based on this, they argue that our exercise of jurisdiction over this action would interfere with the state-court proceedings and that we should therefore abstain. In the alternative, they request that we transfer the action to Monroe County.

In urging us to abstain, Defendants rely on *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In

---

[2] The argument also rests upon matters outside Plaintiff's pleadings which we cannot consider on the motion to dismiss.

[3] We will assume the truth of these representations because even if they are true, they do not justify dismissing the complaint.

3

*Marks v. Stinson*, 19 F.3d 873 (3d Cir. 1994), the Third Circuit provided a comprehensive test for *Younger* abstention: "The proponent of abstention must show (1) there are ongoing state proceedings involving the would-be federal plaintiff[ ] that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Id.* at 882 (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116, 124-25 (1982)).

Alicea and Lugo argue that *Younger* abstention is appropriate here because "the foreclosure action interferes with the state court proceeding by requesting an *in personam* judgment against Alicea and Lugo while title to the property remains in dispute; (b) the state court proceedings implicate important state interests regarding property rights; and (c) Plaintiff's claims can be resolved in the context of the state court proceeding." (Doc. 13, supporting memorandum, p. 2).

These arguments do not satisfy *Younger* abstention. First, Plaintiff is not a party to Alicea and Lugo's proceedings attempting to set aside the upset tax sale nor to Statewide's action to quiet title so there are no ongoing state proceedings involving Plaintiff, as required by *Younger*. Second, that Plaintiff seeks an in personam judgment against Alicea and Lugo

4

here is not a reason to abstain; if anything, it justifies a continued exercise of jurisdiction.  *See Marshall v. Lauriault*, 372 F.3d 175, 183 (3d Cir. 2004)("when a judgment sought is strictly in personam, both state and federal courts with concurrent jurisdiction may proceed until judgment is obtained in one of them").  Third, the instant case does not appear to interfere with the two state-court proceedings since it is one to force a sale of the property to collect on a lien while the two state-court proceedings would only resolve who owns the property.  Assuming Plaintiff's claim is valid (which we must at this stage of the proceedings), ownership is irrelevant to it because Plaintiff is entitled to foreclose no matter who owns the property, either Alicea and Lugo or Statewide.  Fourth, since Plaintiff wishes to foreclose on the property and the two state proceedings are merely litigating title, we fail to see how Plaintiff's claim can be resolved in the context of the state-court proceedings, proceedings in which it is not a party.

We will issue an order denying both motions.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 14, 2006

5

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MORTGAGE ELECTRONIC              :
REGISTRATION SYSTEMS, INC.,      :
        Plaintiff
                                 :

        vs.                      :   CIVIL NO. 1:CV-05—2165

DAVID ALICEA,                    :
EVELYN LUGO a/k/a EVELYN GOYCO,
STATEWIDE INVESTMENTS, LTD.,     :
        Defendants
```

*O R D E R*

AND NOW, this 14th day of February, 2006, it is ordered that:

    1. The motion to dismiss (doc. 10) of defendant, Statewide Investments, Ltd., is denied.

    2. The motion to dismiss (doc. 12) of defendants, David Alicea and Evelyn Lugo, is denied.

                                   /s/William W. Caldwell
                                   William W. Caldwell
                                   United States District Judge