```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MORTGAGE ELECTRONIC              :
REGISTRATION SYSTEMS, INC.,      :
         Plaintiff               :
                                 :
         vs.                     :    CIVIL NO. 1:CV-05—2165
                                 :
DAVID ALICEA,                    :
EVELYN LUGO a/k/a EVELYN GOYCO,
STATEWIDE INVESTMENTS, LTD.,     :
         Defendants
```

*M E M O R A N D U M*

I.   *Introduction*.

Invoking our diversity jurisdiction, plaintiff, Mortgage Electronics Registration Systems, Inc., filed this action for mortgage foreclosure against David Alicea and Evelyn Lugo, the former owners of the property subject to the mortgage, and Statewide Investments, Ltd., which purchased the property at a tax sale.

We are considering Mortgage Electronics' motion under Fed. R. Civ. P. 12(b)(6) to dismiss Alicea and Lugo's counterclaim on a state-law procedural ground, that the counterclaim violates Pa. R. Civ. P. 1148 because it "does not pertain to the creation of the mortgage," as the judicial gloss on Rule 1148 puts it.

II.   Background.

The counterclaim alleges the following.  "Under the terms of the note and mortgage . . . funds designated for payment of real estate taxes were escrowed with the mortgage company." (Doc. 27, Countercl. ¶ 29.)  Alicea and Lugo were current with their mortgage payments up to and including September 2004, but the mortgagee failed to make payments to the taxing authorities for the county, township, and school taxes for the year 2002. (*Id.*  ¶30.)  As a result of the mortgagee's failure to pay the real estate taxes, the property was sold at tax sale on or about September 13, 2004.  *(Id.* ¶ 31.)

At the time of the tax sale, Alicea and Lugo were under contract to sell the property to a third party and were anticipating proceeds of approximately $7,000, *(id.*  ¶¶ 32-34), but the sale did not happen because the property was sold at the tax sale instead.  (*Id.* ¶ 33.)  Alicea and Lugo allege that they lost the expected proceeds because the mortgagee had failed to make timely payment of the 2002 real estate taxes.  (*Id.* ¶ 35.) Thus, counterclaim plaintiffs request judgment in their favor and against Mortgage Electronics (presumably for the lost $7,000 proceeds) together with interest from September 13, 2004, the date of the tax sale.

III.  *Discussion*.

In support of its motion to dismiss, Mortgage Electronics argues that Pennsylvania law does not permit counterclaims in mortgage foreclosure actions unless they are "part of or incident to the creation of the mortgage . . ." *Chrysler First Bus. Credit Corp. v. Gourniak*, 411 Pa. Super. 259, 266, 601 A.2d 338, 342 (1992).  *See also Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998); *Overly v. Kass*, 382 Pa. Super. 108, 114, 554 A.2d 970, 973 (1989); *Mellon Bank, N.A. v. Joseph*, 267 Pa. Super. 307, 317, 406 A.2d 1055, 1060 (1979).[1]

We find that Alicea and Lugo's counterclaim meets this test.  Fairly read, it alleges that the mortgage documents required them to pay to the mortgagee amounts that would cover the tax obligations on the property and that in turn the mortgagee was to pay the taxing authorities.  However, although Alicea and Lugo had remained current on their obligation through 2002, the mortgagee had failed to pay the taxes, resulting in a tax sale in 2004 that prevented Alicea and Lugo from completing a sale in 2004

---

[1] The cases interpret Pa. R. Civ. P. 1148.  That Rule reads as follows: a "defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose."

We follow this Pennsylvania procedural rule here because in a diversity action a federal court "looks to the law of the forum state to determine what constitutes a counterclaim." *Bruin Holdings, Inc. v. Orianna Historic Assocs.*, 1996 WL 27070 (E.D. Pa. Jan. 18, 1996).

that would have netted them $7,000.  Since the mortgagee's obligation allegedly arises from the mortgage documents, the counterclaim does not violate Rule 1148.  *See Meritor Sav. Bank v. Barone*, 399 Pa. Super. 213, 216-17, 582 A.2d 21, 23 (1990)(bank's failure to obtain the type of disability insurance promised in its disclosure form when mortgagees executed their mortgage was a proper basis for a counterclaim).  Of course, we express no opinion otherwise on the merits of the counterclaim.

We will issue an appropriate order.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge

Date: April 26, 2006

4

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MORTGAGE ELECTRONIC            :
REGISTRATION SYSTEMS, INC.,    :
        Plaintiff
                               :

        vs.                    :   CIVIL NO. 1:CV-05—2165

DAVID ALICEA,                  :
EVELYN LUGO a/k/a EVELYN GOYCO,
STATEWIDE INVESTMENTS, LTD.,   :
        Defendants
```

*O R D E R*

AND NOW, this 26th day of April, 2006, it is ordered that Plaintiff's motion (doc. 30) to dismiss the counterclaim of defendants Alicea and Lugo is denied.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge